**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID TATUM #801314** | § | |
| | § | |
| **V.** | § | **A-14-CA-983-SS** |
| | § | |
| **TEXAS BOARD OF PARDONS AND** | § | |
| **PAROLES, RISSIE OWEN,**[1] **PAMELA** | § | |
| **FREEMAN, TONY GARCIA, B. REEVES** | § | |
| **MR. LEEPER, and MR. BOYDA** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.  Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.  Plaintiff complains he was given an unconstitutional set-off by the defendants when he was considered for parole.  Plaintiff sues the Texas Board of Pardons and Paroles, Rissie Owens, Pamela Freeman, Tony Garcia, B. Reeves, Mr. Leeper, and Mr. Boyda.  Plaintiff makes clear he seeks no damages.  Rather Plaintiff requests that he be released as soon as legally possible.

---

[1]  The Chairperson of the Texas Board of Pardons and Paroles is actually Rissie "Owens."

## DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.     Eleventh Amendment Immunity

The Board of Pardons and Paroles is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.   Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury.   Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).  Accordingly, Plaintiff's claims against the Texas Board of Pardons and Paroles should be dismissed without prejudice for want of jurisdiction.

2

C.      Habeas Claims

To the extent Plaintiff seeks an earlier release from prison, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief.  Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).  The Court should decline to construe this action as a request for habeas corpus relief.  If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. See e.g. Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003).  Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies, and venue would not be proper in this Court.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the Texas Board of Pardons and Paroles be dismissed without prejudice for want of jurisdiction.  It is further recommended that Plaintiff's remaining claims be dismissed without prejudice to filing an application for habeas corpus relief in the appropriate court.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of November, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE